IN THE COUNTY COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LESLIE E. SCHREINER,
an individual,

Case No.: 15-001038-CO

        Plaintiff,

v.

THE LAW OFFICES OF MITCHELL D.
BLUHM & ASSOCIATES, LLC,
d/b/a MBA LAW,
a foreign limited liability company,

        Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, LESLIE E. SCHREINER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, THE LAW OFFICES OF MITCHELL D. BLUHM & ASSOCIATES, LLC d/b/a MBA LAW (hereinafter, "MBA Law"). In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, "FDCPA").

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 and 34.01(c), as well as 15 United States Code, Section 1692k(d).

1

3.     At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

4.     At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.     Defendant, THE LAW OFFICES OF MITCHELL D. BLUHM & ASSOCIATES, LLC (hereinafter, "MBA Law") is a limited liability company engaged in business in Florida with its principal place of business located at 2222 Texoma Pkwy, Suite 160, Sherman, TX 75090. Defendant MBA Law's principal purpose is the collection of debts using the mails and telephone, and Defendant MBA Law regularly attempts to collect debts alleged to be due to another.

## GENERAL ALLEGATIONS

6.     At all material times herein, Defendant MBA Law is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(7).

7.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

8.     At all material times herein, Defendant attempted to collect a debt, specifically an allegedly unpaid medical bill referenced by account number ending in -8156 (hereinafter, "Debt").

9.     Defendant used interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another. Defendant is also an entity who regularly collects or attempts to directly or indirectly collect debts owed or due, or asserted to be owed or due, another.

2

10.     At all material times herein, the Debt was a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

11.     At all material times herein, the Defendant was a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(2).

13.     At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

15.     On or about November 14, 2012, Plaintiff responded in writing to a communication from Defendant MBA Law concerning collection of the Debt, disputing the validity of the Debt, and requesting verification of the Debt (hereinafter, "Plaintiff's First Dispute Letter"). Please see a true and correct copy of Plaintiff's First Dispute Letter attached hereto as Exhibit "A."

16.     On or about April 17, 2013, Defendant MBA Law responded to Plaintiff's First Dispute Letter. Said response included a cover letter stating an "Amount Due" of $1,418.70, and enclosed an invoice from the original creditor (hereinafter, "Invoice") as purported verification

3

of the alleged Debt. Please see attached a true and correct copy of said cover letter and invoice attached hereto as Composite Exhibit "B."

17.     Each page of the Invoice was stamped with the language "CURRENT BALANCE IS REFLECTED ON ATTACHED COLLECTION NOTICE" and "For inquiries, please call 1-866-945-8627."

18.     Said Invoice also stated that the total amount due was $0.00, as indicated in the "Pay this Amount" entry line at the conclusion of the Invoice.

19.     Defendant's purported verification fails to provide any information verifying the amount Defendant asserts due and owing in its response letter.

20.     Moreover, Defendant's Invoice included the alleged amount due and the phrase "[t]his is an attempt to collect a debt," despite being a direct response to Plaintiff's First Dispute Letter, which properly disputed the validity of the Debt and requested verification.

21.     On or about February 5, 2014 Defendant sent Plaintiff a collection letter in an attempt to collect the Debt. Please see a true and correct copy of said collection letter attached as Exhibit C.

22.     Said collection letter advised Plaintiff that the Debt "has been reported to one or more of the credit bureaus as a collection account." Defendant however, did not indicate whether said reporting of the Debt to any of the credit bureaus included the fact that Plaintiff had disputed the validity of the debt.

23.     On or about February 6, 2014, Plaintiff sent a signed letter to Defendant via certified mail, reiterating her dispute of the Debt's validity and her refusal to pay the Debt (hereinafter, "Plaintiff's Second Dispute Letter"). The return receipt for the immediately aforementioned letter indicates it was delivered and signed for on February 10, 2014. Please see

attached a true and correct copy of Plaintiff's said letter and return receipt attached as Composite Exhibit "D."

24.     Despite having received multiple letters from Plaintiff disputing the validity of the Debt, Defendant has provided no supporting documentation demonstrating the validity of the Debt.

25.     Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

26.     As a direct result of Defendants' actions, Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiff's dispute of the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

27.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendant.

28.     United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, costs, and an award of attorney's fees to Plaintiff should Plaintiff prevail in this matter against Defendant.

29.     As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(3)

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

30.     Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(3) by telling Plaintiff that, despite Plaintiff's dispute of the Debt, Defendant's representative will disclose information affecting Plaintiff's reputation without also disclosing that the Debt is disputed.

31.     Specifically, Defendant received actual notice that Plaintiff disputed the validity of the Debt from Plaintiff's First Dispute Letter mailed on or about November 14, 2012, and again in Plaintiff's Second Dispute Letter dated January 31, 2014. *See* Exhibits "A" and "D."

32.     Despite receiving such notice, Defendant negatively reported the Debt to one or more of the credit bureaus, and failed to disclose to Plaintiff whether Defendant's reporting of the Debt included Plaintiff's dispute of the Debt's validity. *See* Exhibit "C."

33.     Furthermore, Defendant's second collection letter implied that Defendant would continue to negatively report the Debt to one or more of the credit bureaus by suggesting Plaintiff "rebuild her credit" by making a payment on the Debt. *See* Exhibit "C." Such ongoing disclosure of the Debt to credit bureaus, without the accompanying information of Plaintiff's dispute of the Debt, would harm Plaintiff's reputation and accordingly constitutes a violation of Florida Statutes, Section 559.72(3).

34.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

35.     Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

36.     Specifically, Defendant failed to provide adequate verification of the alleged amount due and validity of the Debt and continued to attempt to collect the Debt despite said failure.

37.     Further, Defendant negatively reported the Debt to several credit reporting agencies despite receiving written notice from Plaintiff that the validity of the Debt was disputed over six months prior and failed to have even one of Defendant's attorneys review Plaintiff's account. *See* Exhibit "C."

38.     Lastly, Defendant continued to collect the Debt, despite Plaintiff's repeated disputes and insufficient verification, and threatened continued harm to Plaintiff's credit if she did not pay the alleged Debt.

39.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

40.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

41.     Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

42.     Specifically, Defendant received actual notice that Plaintiff disputed the validity of the Debt from Plaintiff's First Dispute Letter mailed on or about November 14, 2012, and again in Plaintiff's Second Dispute Letter dated January 31, 2014. *See* Exhibits "A" and "D."

43.     Further, Defendant's purported verification of the Debt acknowledged that the total amount due was in fact $0.00.

44.     Despite receiving Plaintiff's disputes—and its inability to provide sufficient verification of the Debt or the purported amount due—Defendant sent Plaintiff *at least* two (2) collection letters in an attempt to collect the Debt.

45.     Defendant knowingly falsely asserted the Debt was legitimate in its attempts to collect the Debt.

46.     As such, Defendant's actions violated Florida Statutes, Section 559.72(9).

47.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

8

**COUNT FOUR:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692d**

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

48.     Defendant is subject to, and has violated the provisions of 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

50.     Specifically, Defendant failed to provide adequate verification of the alleged amount due and validity of the Debt and continued to attempt to collect the Debt despite said failure.

51.     Further, Defendant negatively reported the Debt to several credit reporting agencies despite receiving written notice from Plaintiff that the validity of the Debt was disputed over six months prior and failed to have even one of Defendant's attorneys review Plaintiff's account. *See* Exhibit "C."

52.     Lastly, Defendant continued to collect the Debt, despite Plaintiff's repeated disputes and Defendant's insufficient verification, and threatened continued harm to Plaintiff's credit if she did not pay the alleged Debt.

53.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e**

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

9

53.     Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692e by making false or misleading representations regarding the Debt.

54.     Specifically, the Defendant asserts that the total amount due on the Debt is $1,418.70; however, Defendant's verification acknowledges the amount due as $0.00.

55.     Further, despite receiving multiple disputes from Plaintiff, Defendant advised Plaintiff that the Debt had been negatively reported as a collection account, and suggested Plaintiff "rebuild her credit" by making a payment on the alleged Debt.

56.     Defendant was required to report the Debt as disputed upon receipt of Plaintiff's disputes.

57.     Defendant's statements were misleading or false as to the amount due on the Debt, if any, and as to Defendant's ability to harm Plaintiff's credit report.

58.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C., SECTION 1692f

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

59.     Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692f by using unfair or unconscionable means to collect the Debt.

60.     Specifically, Defendant reported the Debt to credit reporting agencies before properly providing verification of the Debt following Plaintiff's written dispute of the same.

61.     Additionally, Defendant repeatedly attempted to collect the Debt from Plaintiff despite failing to provide sufficient verification of Defendant's purported amount due on the

alleged Debt.

62.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT SEVEN:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTIONS 1692g(b)**

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

63.     Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692g(b) by communicating with the consumer in a manner which overshadows or is inconsistent with the disclosure of the consumer's rights under section 1692g(a).

64.     Specifically, the Invoice Defendant provided as purported verification of the Debt failed to corroborate the total amount Defendant alleges Plaintiff owes.

65.     Further, Defendant's cover letter attached to the Invoice Defendant provided as purported verification of the Debt overshadowed the disclosure of Plaintiff's rights under 15 United States Code, Section 1692g(a) by including the language "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose."

66.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

    a.     Judgment against Defendant, declaring that Defendant violated the FCCPA and the FDCPA;

11

b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c. Judgment against Defendant for maximum statutory damages for violations of the FDCPA;

d. Judgment against Defendant for actual damages in an amount to be determined at trial;

e. An award of reasonable attorneys' fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 093088**
☐ **G. Tyler Bannon, Esq., FBN 0105718**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*

12